IN THE COUNTY COURT OF THE<br>
15TH JUDICIAL CIRCUIT IN AND FOR<br>
PALM BEACH COUNTY, FLORIDA

JESSE DAVIDSON,
   Plaintiff,

CASE NO.:

v.

TESLA, INC.,
   Defendant.

_____/

# COMPLAINT

Plaintiff, JESSE DAVIDSON ("Plaintiff"), sues Defendant, TESLA, INC. ("Defendant") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages exceeding than Fifty Thousand Dollars ($50,000.00), exclusive of attorney's fees and costs, and within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff, was and is a resident of Palm Beach County, Florida and *sui juris*.

3. At all times material hereto Defendant was licensed to do business in Palm Beach County, Florida.

4. On or about March, 2019, Plaintiff purchased a 2019 Tesla Model 3 from Defendant, bearing VIN # 5YJ3E1EA8KF297741.

5. Several months later, Plaintiff purchased from Defendant, Tesla's Auto-Pilot/Full Self-Driving ("FSD").

6. The aforesaid automobile was designed, manufactured, and distributed by Defendant, TESLA, INC.

7. Defendant, TESLA, INC., at all times material hereto was engaged in the business of designing and/or manufacturing and/or selling and/or distributing the Tesla various motor

vehicle parts and components throughout the United States and Florida for use by members of the general public.

8. Tesla Safety recall notice to their customers (NHSTA Recall No. 23V-085 and Manufacturer Recall No. SB-23-00-001) was for the subject 2019 Tesla Model 3.

9. On or about, October 29, 2020, JESSE DAVIDSON was driving the aforesaid 2019 Tesla Model 3 when the FSD failed.

10. Immediately before the time of the accident described above, the 2019 Tesla Model 3 was in a condition existing when Defendant, TESLA, INC. completed the manufacturing process and entered it into the stream of commerce. The condition remained unchanged from the time of initial manufacture up to and including the time of the collision described herein.

## COUNT I - STRICT LIABILITY
## TESLA, INC.

Plaintiff reiterates and adopts paragraphs one (1) through ten (10) above and further avers:

11. That at the aforesaid time and place, and for some time prior thereto, the Defendant TESLA, INC. was engaged in the business of designing and/or manufacturing and/or selling and/or distributing automobiles to include the 2019 Tesla Model 3 four door, throughout the United States and Florida for use by members of the general public.

12. TESLA, INC., for valuable consideration, designed and/or manufactured and/or sold and/or distributed, or otherwise caused to be placed in the stream of commerce, the aforesaid 2019 Tesla Model 3 involved in the collision made the basis of this complaint.

13. The aforesaid 2019 Tesla Model 3 was expected by said Defendant, and in fact did, reach the intended users and consumers, which included JESSE DAVIDSON, without substantial change from the condition in which it was sold.

14. At the time and place that this accident happened, and for all other times material to this lawsuit, the 2019 Tesla Model 3 was being used in its intended and/or foreseeable manner.

15. The 2019 Tesla Model 3 described herein was not reasonably safe when being used in its intended and/ or foreseeable manner, but to the contrary, was defective and unreasonably dangerous to JESSE DAVIDSON when being so used in that the FSD failed.

16. Said 2019 Tesla Model 3 was in a defective condition caused by the defective manufacture of the FSD.

17. Said 2019 Tesla Model 3 was in a defective condition caused by the defective design.

18. As a result of the defective conditions described above, JESSE DAVIDSON was caused to suffer injuries that JESSE DAVIDSON would not have sustained in the accident had the vehicle been designed and manufactured without the above-alleged defects.

19. The 2019 Tesla Model 3 was in a defective condition caused by the lack of adequate safety warnings and/or instructions to protect consumers and users from the same or similar type of injury which JESSE DAVIDSON suffered.

20. As a direct and proximate result JESSE DAVIDSON, suffered bodily injury and resulting physical and mental pain and suffering, property damage, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the premises considered, the Plaintiffs demands judgment against the Defendant, TESLA, INC. for injuries and damages, prejudgement, and postjudgement interest, and other damages as provided in Florida Statutes Section 768.21 (1998) incurred and requests a trial by jury.

## COUNT II – NEGLIGENCE
## TESLA, INC.

Plaintiff reiterates and adopts paragraphs one (1) through ten (10) above and further avers:

21. Defendants owed a duty of care to JESSE DAVIDSON, and other purchasers and/or occupants of the 2019 Tesla Model 3, to properly design the vehicle, so that they do not fail in crashes similar the one the JESSE DAVIDSON was involved in.

22. The Defendant was negligent and breached its respective duty of care to EILEEN

23. ROBINSON, and other purchasers and/or occupants of the 2019 Tesla Model 3 in one or more of the following ways:

    a. Failing to properly design the 2019 Tesla Model 3 together;
    b. Failing to properly manufacture the 2019 Tesla Model 3;
    c. Failing to properly assemble the 2019 Tesla Model 3;
    d. Failing to adequately warn passengers of the 2019 Tesla Model 3, to include JESSE DAVIDSON about said dangerous condition;
    e. Failing to properly design and manufacture the 2019 Tesla Model 3 with proper FSD;

24. Defendant TESLA, INC., knew or should have known that the 2019 Tesla Model 3 would be involved in similar collisions.

25. As a direct and proximate result JESSE DAVIDSON, suffered bodily injury and resulting physical and mental pain and suffering, property damage, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the premises considered, the Plaintiffs demands judgment against the Defendant, TESLA, INC. for injuries and damages, pre-judgement, and postjudgement interest, and other damages as provided in Florida Statutes Section 768.21 (1998) incurred and requests a trial by jury.

## COUNT III - BREACH OF IMPLIED WARRANTY FOR PARTICULAR PURPOSE
## TESLA, INC.

Plaintiff reiterates and adopts paragraphs one (1) through ten (10) above and further avers:

26. A purpose that Plaintiffs sought to purchase the 2019 Tesla Model 3 was for additional safety features, and enhanced crash-worthiness.

27. Defendant, TESLA, INC. was aware at the time that JESSE DAVIDSON contracted to purchase the 2019 Tesla Model 3, the particular purpose for which she desired to purchase it.

28. JESSE DAVIDSON relied on the skill and judgment of TESLA, INC. when deciding to contract to purchase the 2019 Tesla Model 3.

29. Defendant, TESLA, INC., warranted that the 2019 Tesla Model 3 was suitable specifically for the purpose that it was purchased.

30. The FSD failed.

31. The 2019 Tesla Model 3 was not mishandled, and no material alterations were made to the vehicle by anyone from the time it left the Defendants manufacturing plant until this accident occurred.

32. At all times prior to this accident, the 2019 Tesla Model 3 was used for its intended purpose, and in accordance with the manufacturer's printed instructions.

33. As a direct and proximate result JESSE DAVIDSON, suffered bodily injury and resulting physical and mental pain and suffering, property damage, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the premises considered, the Plaintiff demands judgment against the

Defendant, TESLA, INC. for injuries and damages, prejudgement, and postjudgement interest, and other damages as provided in Florida Statutes Section 768.21 (1998) incurred and requests a trial by jury.

### COUNT IV - BREACH OF WARRANTY OF MERCHANTABILITY
### TESLA, INC.

Plaintiff reiterates and adopts paragraphs one (1) through ten (10) above and further avers:

34. Defendant, TESLA, INC., did impliedly warrant that the 2019 Tesla Model 3, bought by JESSE DAVIDSON, was of merchantable quality pursuant to the applicable provisions of the uniform commercial code.

35. Defendant, TESLA, INC. did breach the aforesaid implied warranty, in that the 2019 Tesla Model 3, bought by JESSE DAVIDSON was not of merchantable quality.

36. As a direct and proximate result JESSE DAVIDSON, suffered bodily injury and resulting physical and mental pain and suffering, property damage, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the premises considered, the Plaintiff demands judgment against the Defendant, TESLA, INC. for injuries and damages, prejudgement, and postjudgement interest, and other damages as provided in Florida Statutes Section 768.21 (1998) incurred and requests a trial by jury.

### COUNT V - NEGLIGENT MISREPRESENTATION
### TESLA, INC.

Plaintiff reiterates and adopts paragraphs one (1) through ten (10) above and further avers:

37. Defendant, TESLA, INC., made public representations concerning the safety of the 2019 Tesla Model 3.

38. Defendant, TESLA, INC., had no reasonable grounds for believing that the representations were true.

39. The representations made by the Defendant, TESLA, INC. were made in order to induce JESSE DAVIDSON, as a consumer, to wholly rely on the representations made by Defendant, TESLA, INC., to purchase the 2019 Tesla Model 3.

40. JESSE DAVIDSON in fact believed the representations made concerning the 2019 Tesla Model 3, and did -in fact believe that the vehicle was safe.

41. JESSE DAVIDSON purchased the 2019 Tesla Model 3 based on the false and negligence representations made by Defendant, TESLA, INC..

42. Defendant, TESLA, INC., when selling the 2019 Tesla Model 3, had no reasonable grounds to believe that the FSD would function as represented in such an accident as aforementioned.

43. As a direct and proximate result JESSE DAVIDSON, suffered bodily injury and resulting physical and mental pain and suffering, property damage, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will stiffer the losses in the future.

WHEREFORE, the premises considered, the Plaintiffs demands judgment against the Defendant, TESLA, INC. for injuries and damages, pre-judgement, and postjudgement interest, and other damages as provided in Florida Statutes Section 768.21 (1998) incurred and requests a trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable as a right by a jury.

DATED this 29th day of March, 2023.

**JESSE DAVIDSON, P.A.**
Attorney for Plaintiff
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, FL 33426
Telephone: (561) 853-2230
Facsimile:   (561) 600-0560
Email: jesse@jdavidson-law.com

By: /s/ *Jesse Davidson*
JESSE DAVIDSON
Florida Bar No.: 83808