UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80804-CIV-CANNON

JESSE DAVIDSON,

    Plaintiff,

v.

TESLA, INC.,

    Defendant(s).
_____/

**JOINT MOTION FOR REMAND TO STATE COURT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JESSE DAVIDSON, and Defendant, TESLA, INC., pursuant to 28 U.S.C. § 1447, file this Joint Motion for Remand to State Court, seeking an Order from this Court remanding this case back to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, and, in support, state as follows:

1. This matter involves a lawsuit filed by Plaintiff against Defendant, TESLA, INC. in the Circuit Court of Palm Beach County, Florida. In state court. Plaintiff filed the Complaint and served Defendant Tesla Inc. on April 20, 2023. The complaint alleges that on or about October 29, 2020, Plaintiff was operating the vehicle at issue when an alleged defect caused a motor vehicle accident.

2. On, May 22, 2023, Defendant filed a Notice of Removal [Doc. No. 1] based upon 28 U.S.C. §§ 1332 & 1446, diversity jurisdiction and damages exceeding $75,000.00.

3. The Parties have since stipulated that Plaintiff's damages do not exceed and will not exceed $75,000.00. The Stipulation to Cap Damages [Doc. No. 5] was filed on June 7, 2023.

4. Given the Stipulation to Cap Damages [Doc. No. 5], the Parties agree the

requirements for diversity jurisdiction are not met as the amount controversy does not and will not exceed the minimum requirement of $75,000.

5. This Motion is filed within thirty (30) days of Defendant's filing of its Notice of Removal (Doc. 1). Therefore, this Motion for Remand is timely pursuant to 28 U.S.C. § 1147(c).

Plaintiff and Defendant respectfully request entry of an Order Remanding this case to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

## MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION FOR REMAND

### I. APPLICABLE LAW

28 U.S.C. § 1332, entitled "Diversity of Citizenship; amount in controversy; costs," provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different states;
> (2) citizens of a state and citizens or subjects of a foreign state . . .;

28. U.S.C. § 1332(a).

28 U.S.C. § 1447 states, in relevant part:

> (c) A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction of the jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.

28 U.S.C. § 1147(c).

### II. LEGAL ARGUMENT

Pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction of civil actions where the matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Eleventh Circuit has determined that the "ceiling of the damages" is "regarded as controlling in deciding that the plaintiff's request for

damages was for a specific amount." *See Ponce v. Fontainebleau Resorts, LLC*, 653 F. Supp. 2d 1297, 1302 (S.D. Fla. 2009) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994)). The parties have now agreed and stipulated that Plaintiff's alleged damages do not exceed and will not exceed $75,000.00. [Doc. No. 5]. Therefore, this action should be remanded to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

### III.   CONCLUSION

This Court lacks personal jurisdiction because Plaintiff agrees and stipulates the damages in this action do not exceed the jurisdictional threshold of $75,000.00. Therefore, this action should be remanded to the Fifteenth Judicial Circuit Court of Palm Beach County, Florida.

| | |
|---|---|
| **JESSE DAVIDSON, P.A.**<br>Jesse Davidson, Esq.<br>*Pro se litigant*<br>2500 Quantum Lakes Drive, Suite 203<br>Boynton Beach, FL 33426<br>Telephone: (561) 853-2230<br>Facsimile: (561) 600-0560<br>Email: jesse@jdavidson-law.com<br><br>By: /s/*Jesse Davidson*<br>JESSE DAVIDSON<br>Florida Bar No.: 83808 | **HILL WARD HENDERSON**<br>Nicole Walsh, Esq.<br>*Attorney for Defendants*<br>101 E. Kennedy Blvd., Ste 3700<br>Tampa, FL 33602<br>Telephone: (813) 506-5139<br>Facsimile: (813) 221-2900<br><br><br>By: /s/*Nicole Walsh*<br>NICOLE WALSH<br>Florida Bar No.: 111961 |

**CERTIFICATE OF SERVICE – CM/ECF**

I hereby certify that on June 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which furnished a copy to all counsel of record, and served a copy via e-mail to jesse@jdavidson-law.com (Counsel for Plaintiff).

/s/ Nicole Walsh
Robert M. Fulton
Florida Bar No. 0008516
Nicole Walsh
Florida Bar No. 111961
Hill, Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL  33601
bob.fulton@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel:  (813) 221-3900
Fax:  (813) 221-2900
*Attorneys for Defendant Tesla, Inc.*

18340649v1

1